WELLS ET UX.
*vs.*
SCOTT'S
EXECUTRIX.

Service of a petition, as well as citation of appeal, is required, or the appeal will be dismissed.

WELLS ET UX. *vs.* SCOTT'S EXECUTRIX.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

Where judgment is rendered for, or against the wife, in which she has a separate interest, even when she is sued as executrix, her husband must be joined and cited in the appeal.

In suits for a cause of action relative to the wife's separate interests, both husband and wife must be made parties.

This is an action against the executrix of the succession of the late Thomas C. Scott, to compel her to render an account of her administration, and for a partition of the succession.

The plaintiff's wife alleges she is one of five children and heirs of the deceased, and that the defendant has been regularly qualified as executrix of her ancestor's estate, and entered upon the duties; and further, that she is the mother of the petitioner, and four other minor children, but has since intermarried with John K. Elgee, and has been retained in her

WESTERN DIST.
October, 1856.

WELLS ET UX.
*vs.*
SCOTT'S
EXECUTRIX.
tutorship by the advice of a family meeting; that the succession consists principally of lands and slaves, and houses and lots in Alexandria, &c. as will more fully appear by reference to the inventory, and that a part has been sold to pay the debts of the deceased, of which no account has been rendered. She prays for the rendition of an account, and that a partition be made of said succession among said heirs.

The executrix filed her answer, with an account of her administration annexed, showing a balance of four thousand and eleven dollars and forty-six cents in her favor, which she prays may be homologated, and judgment rendered therefor. She prays for the prolongation of her term for another year, and consents to the sale of the property and partition of the estate.

The judge of probates rendered judgment, homologating the account, and decreeing the balance of four thousand and eleven dollars and forty-six cents, to be allowed and paid to the executrix, and that she be continued in office for the further term of one year, on giving bond and security. The plaintiffs appealed.

In the citation of appeal the defendant, as executrix, is alone cited, and the appeal bond is executed to her alone.

*Elgee*, for the appellee, moved to dismiss the appeal, because the husband of the executrix, who was made a party in the court below, was not cited and made a party in this court. The appeal should be dismissed on the authority of the following cases: 7 *Louisiana Reports*, 112. 9 *Ibid.*, 471.

2. It is a general rule and provision of law, that the husband must be joined with the wife in a suit against her. *Code of Practice*, 118. *Louisiana Code*, 123.

*Dunbar, contra*, contended, that the judgment being for the executrix alone, and in that capacity, it was unnecessary to cite in her husband in the appeal.

2. The appeal is taken against the executrix alone, in her official capacity, and should be so considered, and the case decided on in that capacity.

3. If it should be discovered that it is necessary to cite in the husband, further time should be given for that purpose. 9 *Louisiana Reports*, 47.

*Bullard, J.*, delivered the opinion of the court.

The appellee moves to dismiss the appeal, on the ground that her husband is not made a party, nor cited as appellee. It is answered, that she is before the court merely as executrix, and may well appear without the assistance of her husband. The 118th article of the Code of Practice provides, that in all suits for a cause of action, relative to the wife's separate interest, both husband and wife must be parties. In this case the husband was a party below, and the judgment is in favor of the executrix, for a balance on her account of administration. The balance thus decreed to her, certainly does not belong to the estate, and consequently not to the executrix in that capacity, but personally. The judgment became her property, and when the appellants seek to avoid it, her husband must be joined with her.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.

WESTERN DIST.
October, 1836.

Where a judgment is rendered for or against the wife, in which she has a separate interest, even when she is sued as executrix, her husband must be joined and cited in the appeal.

In suits for a cause of action relative to the wife's separate interests, both husband and wife must be made parties.